## DEN *ex dem.* LAURENCE *against* LIPPENCOTT.

A voluntary conveyance to a child or grandchild, the grantor being indebted at the time, is void as against creditors.

A purchaser at sheriff's sale, at the suit of such creditors, will be protected in his purchase, though he knew of such previous voluntary conveyance.

Evidence to prove that the property was purchased at an under value, not admitted, because the deficiency of price might have arisen from the circumstance of the fraudulent deed.

Where the bail on a writ of error in an action of ejectment are excepted to, they must justify in double the annual value of the lands, or the whole may be treated as a nullity.

---

* See *ante,* note to the case of Jouet v. Watkins.

At the trial of this ejectment at the Gloucester *Nisi Prius,* in October, 1798, before KINSEY, C. J. and SMITH, J. the following points were resolved :

1. That a voluntary conveyance to a child or grandchild, the grantor being indebted at the time, is, as against creditors, fraudulent within the purview of ·" the act for the prevention of frauds and perjuries," (*Pat.* 133) passed November 26, 1794. The circumstance, that there was a good consideration, as blood does not bring it within the proviso contained in the sixth section. The court said it was unnecessary, in such case, to prove any actual intent on the part of the grantor to act in a fraudulent manner. The moral fraud is not essential, but the legal fraud is the legal conclusion upon the fact, that the effect of the instrument, if supported, will be to deprive creditors of their remedy.

2. A purchaser of the land thus voluntarily conveyed, at a sheriff's sale on an execution at the suit of the creditor, although he knew of such voluntary conveyance, will be protected in his purchase. The conveyance was fraudulent and void, and the knowledge of a void grant cannot vitiate a good title ; the creditor, by his execution, has avoided the deed *quo ad hoc,* and the purchaser stands in his place.

3. The court refused to permit the defendant to give evidence, that at the sheriff's sale the property was bought at an under value. The existence of the conveyance which the law adjudges fraudulent, was known ; no one likes to purchase a title involved in disputes, and which must be enforced by action ; the inadequacy of price was, in all probability, the consequence of the fraudulent grant under which the defendant claimed, and of which he cannot be permitted to avail himself.

Judgment for plaintiff.

In February 1799, on a motion for leave to take out execution,

Den *v.* Lippencott.

*Leake,* for plaintiff. A writ of error was brought on this judgment, and, bail being filed, it was excepted to, November 28, 1798, of which notice was regularly given.

The defendant himself, having entered into the recognizance on December 12, 1799, gave a bond, with one Hammill, for $100, conditioned for the payment of costs. February 23, 1799, an exception was filed as to Hammill.

The first ground on which this application is made, is, that the writ of error is a nullity, no bail having been filed. Under the act of February 18, 1747–8, before any writ of error is allowed, the plaintiff in error must give security to pay costs to the other party, in case the judgment be affirmed. Exceptions have been filed to the sufficiency of both, and no bail is therefore in fact filed.

The sum stated in the recognizance is insufficient. The yearly rent of the premises in controversy are ascertained to be £40, and the costs have been taxed at £20. By the statute of 16 and 17 *Car.* 5, *c.* 8, *sec.* 3, in cases of ejectment, the plaintiff in error shall be bound to the other party in such reasonable sum as the court to which the writ of error is directed shall think fit. By the practice of the courts of Westminster, this reasonable sum is fixed at double the annual rent. 2 *Cromp.* 364; *Thomas* v. *Goodtitle,* 4 *Bur.* 2501. The act in *Allinson* is affirmative, and does not alter the practice which had before obtained in our courts under the statute.

*Woodruff,* contra.

*Per Curiam.* Take your execution.*

---

* See *ante Den ex dem. Lockyer* v. *De Hart,* and the note.